UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN THE MATTER OF THE<br>GUARDIANSHIP OF CHARLES R. SHORETTE | )<br>) No. 1:19-cv-04430-JMS-MJD |

### ORDER

This matter was removed from the Madison Circuit Court, [Filing No. 1], where the petitioner, Karen R. Shorette, had filed a Petition to Reinstate Guardian as Representative Payee ("Petition"), [Filing No. 1-1 at 8-10]. On October 2, 2019, the Madison Circuit Court granted Ms. Shorette's Petition and entered an Order to Reinstate Guardian as Representative Payee. [Filing No. 1-1 at 5-7.] Robert Wilkie, Secretary of Veterans Affairs, United States Department of Veterans Affairs ("Secretary"), now asks this Court to dismiss Ms. Shorette's Petition because this Court and the Madison Circuit Court lack subject matter jurisdiction. [Filing No. 3 at 1.] The Court agrees that it does not have jurisdiction to consider Ms. Shorette's Petition. Accordingly, as explained below, the Court **GRANTS IN PART** the Secretary's Motion to Vacate State Court Order and Dismiss Petition to Reinstate Representative Payee ("Motion to Dismiss"), [Filing No. 3].

### I.
### LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject matter

jurisdiction exists for his or her claims. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II.
### BACKGROUND

Although the Court would typically accept the allegations in the plaintiff's complaint as true for purposes of deciding a motion to dismiss, here there is no Complaint. Instead, the Court will outline the factual allegations in Ms. Shorette's Petition, [Filing No. 1-1], which the Court must accept as true at this time.

Ms. Shorette is the appointed Guardian of the Person and the Estate of Charles R. Shorette, in a guardianship that is pending in the Madison County Circuit Court 6, Cause No. 48C06-1105-GU-000279. [Filing No. 1-1 at 1.] Mr. Shorette resides at the VA Northern Indiana Healthcare System facility in Marion, Indiana. [Filing No. 1-1 at 1.] The Veteran's Administration ("VA") previously appointed Ms. Shorette as the Fiduciary for Mr. Shorette, but in April 2018, the VA stopped depositing Mr. Shorette's benefits in the designated account, and did so without notifying Ms. Shorette. [Filing No. 1-1 at 1.] On November 1, 2018, the VA sent Ms. Shortette a letter advising that a new payee (*i.e.*, fiduciary) had been appointed for Mr. Shorette. [Filing No. 1-1 at 1-2.] Ms. Shorette requested an explanation for this change in payee, but the VA did not respond. [Filing No. 1-1 at 2.] Ms. Shorette reached out to United States Congresswoman Susan Brooks for assistance in resolving this issue, and a staff member of the Congresswoman advised Ms. Shorette that they were told that only the veteran—Mr. Shorette—may request a change of payee and that Mr. Shorette did, in fact, request the change of payee. [Filing No. 1-1 at 2.] Ms. Shorette contests this change in payee because, she argues, Mr. Shorette is not legally competent to make such a decision. [Filing No. 1-1 at 2.]

On September 2, 2019, Ms. Shorette filed her Petition, seeking to be reinstated as the representative payee. [Filing No. 1-1 at 8-10.] The Petition was filed in the guardianship matter pending in Madison Circuit Court (Cause No. 48C06-1105-GU-000279). [Filing No. 1-1 at 8-10.] Because the Petition was filed in the guardianship matter, neither the Secretary nor the VA was listed as a party. [Filing No. 1-1 at 8-10.] However, Ms. Shorette mailed copies of the Petition to the Secretary, the VA's Office of Regional Counsel, and the Indianapolis and Columbia Fiduciary Hubs of the VA, as well as to Mr. Shorette and the VA Northern Indiana Health Care Center, Marion Campus. [Filing No. 1-1 at 9.] But Ms. Shorette did not serve: (1) the VA District Counsel located in the jurisdiction where the action was commenced; (2) the Attorney General of the United States; or (3) the United States Attorney having jurisdiction over the area in which the action was commenced. [Filing No. 1 at 1-2.] On October 2, 2019, the Madison Circuit Court ordered the Secretary to reinstate Ms. Shorette as the representative payee. [Filing No. 1-1 at 6-7.]

On November 1, 2019, the Secretary removed this action on the ground that it is being "a civil action against an officer of the United States," [Filing No. 1 at 3], and he cited 38 U.S.C. § 5502(b), which authorizes the Secretary to "appear or intervene . . . in any court as an interested party in any litigation instituted by the Secretary or otherwise, directly affecting money paid to such fiduciary under this section." [Filing No. 1 at 1.] On the same day, the Secretary also filed its Motion to Dismiss, [Filing No. 3], which is ripe for the Court's review.

### III.
#### DISCUSSION

In its brief in support of the Motion to Dismiss, [Filing No. 4], the Secretary contends that this Court and the Madison Circuit Court lack jurisdiction over Ms. Shorette's Petition "because 38 U.S.C. §§511(a), 7104(a), and 7252 vest the United States Court of Appeals for Veterans Claims ("Veterans Court") with exclusive jurisdiction over a decision by the Secretary regarding

3

the appointment, supervision, or termination of a federal fiduciary." [Filing No. 4 at 1.] The Secretary argues that because Ms. Shorette's Petition is challenging the Secretary's decision regarding the appointment/removal of a federal fiduciary and the disbursement and management of federal funds, only the Board of Veterans' Appeals (and then the Veterans Court and the Federal Circuit) can review such a decision, if properly appealed. [Filing No. 4 at 7.] Therefore, the Secretary argues, this Court lacks jurisdiction and the action must be dismissed. [Filing No. 4 at 8.] Further, the Secretary argues that the Madison Circuit Court lacked jurisdiction and its Order must be vacated. [Filing No. 4 at 8.]

In response, Ms. Shorette's counsel filed a Consent to Motion to Vacate and Dismiss and Motion to Withdraw. [Filing No. 10.] Ms. Shorette's attorney indicates that he "has advised his client that he does not find legal grounds on which to proceed in this matter, and as such, is unable to continue to represent her in this matter." [Filing No. 10 at 1.] Ms. Shorette has contacted several other attorneys but has not found an attorney willing to represent her. [Filing No. 10 at 1.] She requests "*pro se* representation," but she "acquiesces" to her attorney filing his Consent to the Motion to Vacate State Court Order and Dismiss Petition to Reinstate Representative Payee, should the Court not permit her to continue *pro se*. [Filing No. 10 at 1.]

### A. Motion to Dismiss

Pursuant to 38 U.S.C. § 5502(a)(1),

> [w]here it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part of the beneficiary.

The Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," 38 U.S.C.

4

§ 511(a), except for certain decisions by the Secretary that "shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board [of Veterans' Appeals]." 38 U.S.C. § 7104(a). If a party then wants to challenge the Board of Veterans' Appeals decision, that decision is reviewed by the Court of Appeals for Veterans Claims, which has "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). Finally, a decision by the Court of Appeals for Veterans Claims can be reviewed by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Therefore, "actions taken [by the Secretary] pursuant to § 5502 are subject to review through the application of 38 U.S.C. §§ 511(a) and 7104, that is, judicial review is exclusively by the Veterans Court and then the Federal Circuit." *Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1121 (7th Cir. 2014) (citing *Freeman v. Shinseki*, 24 Vet. App. 404, 413 (Vet. App. Ct. 2011) (per curium)). In *Evans*, the Seventh Circuit recognized that "the only way to challenge the VA's decision to appoint [a certain] federal fiduciary is through the mechanism set up by Congress, a mechanism that does not allow for review by the state court or a federal court in our circuit." *Id.* at 1122.

Here, the parties appear to agree that Ms. Shorette's Petition is, essentially, challenging the Secretary's decision to change the fiduciary who would receive Mr. Shorette's benefits. As the Seventh Circuit has acknowledged, such a decision is one that can only be challenged through the appeals process outlined in the statutes cited above. Consequently, this Court lacks jurisdiction to consider this matter. Although the Secretary asks the Court to dismiss this action and vacate the Madison Circuit Court's Order, this Court does not have the capacity to take these actions. Because the Court lacks jurisdiction, the case must be remanded. *McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded

rather than dismissed."). Although it is evident that the state court lacks jurisdiction over this matter, as well, that is an issue that the Madison Circuit Court must handle—not this Court.

### B. Motion to Withdraw

Ms. Shorette's attorney also seeks to withdraw his appearance, based on his finding that there are no "legal grounds on which to proceed in this matter." [Filing No. 10 at 1.] However, counsel's request for permission to withdraw his appearance does not include a fixed date for withdrawal, nor does it contain "satisfactory evidence that the attorney provided the client with written notice of his . . . intent to withdraw at least 7 days before the withdrawal date," which are requirements under Local Rule 83-7(b)(2). Accordingly, the Court **DENIES** Petitioner's counsel's Motion to Withdraw, [Filing No. 10].

### IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the Secretary's Motion to Dismiss Counterclaim for lack of subject matter jurisdiction. [3] This matter is **REMANDED** to the Madison Circuit Court. The Court also **DENIES** Petitioner's counsel's Motion to Withdraw. [10].

Date: 2/27/2020

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**