UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| IN THE MATTER OF THE | ) | |
|---|---|---|
| GUARDIANSHIP OF CHARLES R. SHORETTE | ) | No. 1:19-cv-04430-JMS-MJD |

# **ORDER**

This matter was removed from the Madison Circuit Court, [Filing No. 1], where the petitioner, Karen R. Shorette, had filed a Petition to Reinstate Guardian as Representative Payee (the "Petition"), [Filing No. 1-1 at 8-10]. Robert Wilkie, Secretary of Veterans Affairs, United States Department of Veterans Affairs (the "Secretary"), filed a motion to dismiss Ms. Shorette's Petition, [Filing No. 3 at 1], which the Court granted in part, remanding the matter to the Madison Circuit Court. [Filing No. 11.] On March 24, 2020, the Secretary filed a Motion to Reconsider Order of Remand, [Filing No. 14], which is now ripe for the Court's consideration.

## I.
## LEGAL STANDARD

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* (citation and quotation omitted).

## II.
### DISCUSSION

The Secretary argues that the Court correctly held that it lacked subject matter jurisdiction over the Petition, but it incorrectly determined that it does not have the capacity to dismiss the case. [Filing No. 14 at 1.] The Secretary argues that, because "the only way to challenge the VA's decision to appoint [a certain] federal fiduciary is through the mechanism set up by Congress, a mechanism that does not allow for review by the state court or a federal court in our circuit," *Evans v. Greenfield Banking Co.*, 774 F.3d 117, 1122 (7th Cir. 2014), the Court should dismiss the case rather than remand the matter to the state court from which the case was removed. [Filing No. 14 at 1-2.] The Secretary also cites a Sixth Circuit case citing the *Evans* decision, holding that dismissal, rather than remand to state court, is proper because "a remand to state court would be pointless," because the state court would not "have jurisdiction to revisit the Secretary's determination as to [one's] entitlement to benefits." *Est. of West v. U.S. Dep't. of Veterans Affairs*, 895 F.3d 432, 435 (6th Cir. 2018). The Secretary argues that dismissal, rather than remand, would be in keeping with prior decisions of courts in this district and with the general principles regarding the proper disposition of cases where jurisdiction is lacking. [Filing No. 14 at 2-3.]

Ms. Shorette did not file a response.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)) (citation omitted). The Secretary's Motion to Reconsider Order of Remand is within the limited scope of those permitted functions because it seeks to correct a manifest error of law. Although typically a district court shall remand a case if it appears that it lacks subject matter jurisdiction, in situations where the state court also lacks

jurisdiction, the case should be dismissed rather than remanded. *See Est. of West*, 895 F.3d at 435; *Evans*, 774 F.3d at 1124 (7th Cir. 2014) (holding "[t]he district court was right to grant the motion to dismiss the case."). The Court agrees with the Secretary that this matter should have been dismissed, rather than remanded. Accordingly, the Secretary's Motion to Reconsider Order of Remand, [Filing No. 14], is **GRANTED**.

### III.
#### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** the Secretary's Motion to Reconsider Order of Remand, [14];
- **VACATES IN PART** the Court's Order dated February 27, 2020, to the extent the Court ordered that this matter be remanded the Madison Circuit Court, [11]; and
- **ORDERS** that the case is DISMISSED for lack of jurisdiction.

Final judgment shall enter accordingly.

Date: 4/14/2020

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Clerk of the Madison Circuit Court County Court
Madison County Government Center
16 E. 19th St.
Anderson, IN 46016